

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00077-CR

_____

DONALD WILLIAM SNYDER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. 2009F00162

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In the Cass County jury trial of Donald William Snyder, Jr., for felony driving while intoxicated (DWI), Snyder's friend, Jerry Barton, was allowed to testify, over objection, that Barton had seen Snyder intoxicated before. After his conviction and receiving a life sentence,[1] Snyder urges only one issue on appeal, that admitting Barton's testimony allegedly concerning a prior bad act by Snyder was erroneous and harmful. We disagree and affirm the judgment of the trial court.

Barton had received payment for work he and Snyder had done for mowing a yard and cleaning a swimming pool. Barton had pulled his vehicle alongside Snyder's vehicle, as they drove along the road, and tried to give Snyder his part of the money. Barton believed Snyder could have been intoxicated because of "the way he was getting over in my lane. He just didn't do it once. I don't know if he was paying attention or not watching the road." Therefore, Barton reported Snyder's condition to police.

Matthew Bryant, a state trooper with the Texas Department of Public Safety, was dispatched to investigate. Bryant observed that

> [Snyder] wasn't able to control and stay in his lane of travel. He had moved over into the oncoming lane to the lefthand side of the center stripe.
>
> . . . .

---

[1]A jury found Snyder guilty, Snyder pled true to two previous felonies as sentence enhancements, and the jury assessed punishment at life imprisonment. The trial court sentenced Snyder consistent with the jury's assessment.

2

> Then I observed the vehicle come back across and actually drive into the bar ditch for a time and then come back onto the road, and that's when I initiated my red and blue lights.

Bryant then observed Snyder throw a can, which was later identified as a beer can, out the window and pull up to a residence. Bryant testified that Snyder had bloodshot eyes, was unsteady, spoke "with a thick tongue," and smelled of alcohol. After Snyder failed to follow Bryant's instructions for the horizontal gaze nystagmus field sobriety test, Bryant arrested him for DWI.

At the police station, Snyder failed other field sobriety tests, including the horizontal gaze nystagmus, the walk and turn, and the one-leg-stand tests. Snyder refused to provide a specimen of blood or breath and refused to sign the DIC-24 form.

At trial, Snyder's son Christopher testified his father suffered from seizures as a result of a two-story fall and head injury. Snyder did not inform Bryant of his medical problems.

Snyder's sole issue on appeal is that the trial court erred in allowing Barton to testify, over objection, concerning an incident of intoxication unrelated to the instant offense to be introduced. Snyder argues Barton's testimony constitutes evidence of other acts which are inadmissible to prove the character of a person in order to show action in conformity therewith. Snyder also argues the probative value of the testimony was clearly outweighed by the prejudice.[2] The State argues Barton's testimony was relevant, apart from its tendency to show character conformity, to

---

[2]Snyder complains about the trial court not holding a formal hearing. But a trial court "does not have to conduct a formal hearing or even announce on the record that it has mentally conducted this balancing test." *Crivello v. State*, 4 S.W.3d 792, 797 (Tex. App.—Texarkana 1999, no pet.).

explain Barton's basis for concluding Snyder was intoxicated when he made his report to the police. When asked by the State whether he had "ever seen Mr. Snyder intoxicated," Barton responded in the affirmative. Barton testified that, based on his past observations, Snyder, when intoxicated, appears "all white and pale" and "kind of out there." The State argues Barton's prior observations explain why Barton believed Snyder was intoxicated on the occasion in question.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A trial court does not abuse its discretion so long as the decision to admit evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

To be admissible, evidence of other acts (1) must be relevant to a fact of consequence in the case aside from its tendency to show action in conformity with character; and (2) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.[3] *Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006); *see* TEX. R. EVID. 401, 402, 403, 404(b); *see also Montgomery*, 810 S.W.2d at 389–90 (describing factors to consider when balancing under Rule 403).

The exceptions listed in Rule 404(b) are an "illustrative, not exhaustive, list of exceptions." *Daggett v. State*, 187 S.W.3d 444, 451 n.13 (Tex. Crim. App. 2005). Whether Barton's testimony

---

[3]Unfair prejudice does not arise from the mere fact that evidence injures a party's case. Unfair prejudice may result from the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant. *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007).

was relevant and admissible under the Rule 403 balancing test is within the zone of reasonable disagreement. Therefore, the trial court did not abuse its discretion in admitting Barton's testimony.

Even if the trial court erred in admitting the challenged testimony, the error would be harmless. Error in admitting evidence concerning extraneous offenses is reviewed under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Casey*, 215 S.W.3d at 885; *see* TEX. R. APP. P. 44.2(b) (an appellate court must disregard a nonconstitutional error that does not affect a criminal defendant's "substantial rights"). A criminal conviction will not be reversed for nonconstitutional error if the appellate court, after examining the record as a whole, "has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). The State placed extremely little emphasis on Barton's testimony that he had previously seen Snyder intoxicated. During its closing argument, the State emphasized Barton's observations that Snyder smelled of alcohol.[4] In addition, Trooper Bryant's testimony provided ample evidence that Snyder was intoxicated on the occasion in question. Because Barton's testimony, consisting of approximately one page of the reporter's record, was not emphasized by the State, we have a fair assurance that the challenged testimony did not influence the jury or had but a slight effect. We overrule Snyder's sole issue.

---

[4]Barton testified he and his girlfriend arrived at Snyder's house while the state trooper was still present. Barton admitted he smelled alcohol on Snyder.

5

For the reasons stated, we affirm.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     December 27, 2010
Date Decided:       December 29, 2010

Do Not Publish